# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND ALEXANDER RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-353-D |
| | ) | |
| LISA HAMMOND, and | ) | |
| KEVIN McCRAY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Report and Recommendation ("Report") [Doc. No. 9] of United States Magistrate Judge Bernard M. Jones, to whom this 42 U.S.C. § 1983 action was referred for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). Judge Jones recommends that Plaintiff's claims be dismissed with prejudice. Within the time limits authorized by the Court, Plaintiff filed objections [Doc. Nos. 10, 11]. Accordingly, the Court must make a *de novo* determination of any portion of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Plaintiff's objections to the Report mirror his allegations in his Amended Complaint. Plaintiff alleges that Oklahoma County District Court Special Judge Lisa Hammond violated his due process rights by failing to timely hold a probable cause hearing and denying his bond without a hearing. Further, Plaintiff alleges that Oklahoma County District Court Special Judge Kevin McCray set his bond excessively high, in violation of

the Eighth Amendment, and violated his due process rights by allowing Plaintiff to be arraigned on charges that were filed one day late.

Even assuming the veracity of Plaintiff's allegations, judges have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978). This doctrine has only two exceptions: "First, a judge is not immune from liability for … actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id*. at 12. To this end, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356-357. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Id*. at 356.

Here, Plaintiff has not set forth any facts suggesting Defendants acted outside their judicial capacity. Nor does Plaintiff allege that Defendants acted without any jurisdiction to do so. Therefore, the Court finds that the Amended Complaint fails to state a claim against Defendants because they are entitled to absolute immunity from Plaintiff's suit under federal law based on their judicial actions.

Accordingly, Judge Jones' Report and Recommendation is ADOPTED as though fully set forth herein. This action is dismissed with prejudice. A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 18th day of October 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge