# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYMOND ALEXANDER RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-353-D |
| | ) |
| LISA HAMMOND, and | ) |
| KEVIN McCRAY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Application for Default Judgment [Doc. No. 14]. Liberally construing the motion due to Plaintiff's *pro se* status, the Court understands that he seeks relief from the Court's Order of October 18, 2019 [Doc. No. 12], dismissing the action with prejudice.

Because the motion is filed within the time period provided by FED. R. CIV. P. 59, and because Plaintiff seeks relief from the judgment of dismissal entered with the Order, the Court construes the motion as one to alter or amend a judgment under Rule 59(e). *See Jennings v. Rivers*, 394 F.3d 850, 854-855 (10th Cir. 2005) (timely post-judgment motion seeking reconsideration of matters encompassed in a decision on the merits should be treated as a Rule 59(e) motion); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989) (Rule 59(e) applies if the motion seeks "reconsideration of matters encompassed within the merits of a judgment"). The grounds for granting relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants*

*of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Relief under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted); *accord Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

Considering Plaintiff's motion within the confines of this standard, the Court finds no basis for relief. Plaintiff raises the same arguments that he raised in previous filings with the Court. A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. The Court has not misapprehended the facts, Plaintiff's position, or the controlling law. *Id*. Defendants Lisa Hammond and Kevin McCray, as Oklahoma County District Court Special Judges, have absolute judicial immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978). Again, Plaintiff has not set forth any facts suggesting Defendants acted outside their judicial capacity or that they acted without any jurisdiction to do so. Thus, Plaintiff has failed to state a claim against Defendants because they are entitled to absolute immunity from Plaintiff's suit under federal law based on their judicial actions.

Accordingly, Plaintiff's Application for Default Judgment [Doc. No. 14] is **DENIED**.

**IT IS SO ORDERED** this 4th day of November 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge